GEORGE M. WOMACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Womack v. Commissioner
Docket No. 6469-73.
United States Tax Court
T.C. Memo 1975-232; 1975 Tax Ct. Memo LEXIS 139; 34 T.C.M. (CCH) 1009; T.C.M. (RIA) 750232; July 15, 1975, Filed George M. Womack, pro se. Suzanne B. O'Neill, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency in the Federal income tax of petitioner for the year ending December 31, 1971, in the amount of $631.01. Concessions having been made, there remains for our decision the issue of whether petitioner is entitled to certain deductions in 1971 in excess of the amounts allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At all times relevant here petitioner, George M. Womack, was a resident of Fort Worth, Texas. His individual Federal income tax return for the taxable year 1971 was timely filed *140 with the Internal Revenue Service Center, Austin, Texas. Petitioner is a severely handicapped individual, paralyzed from the waist down. As a result of his handicap petitioner is, and has been prior to and including 1971, confined to a wheelchair. In November of 1970 petitioner suffered a heart attack from which he presently has no ill effects. Petitioner had mobile telephone service installed in his car by Southwestern Bell Telephone Company in September of 1970. The service was maintained until June 1, 1972, when it was disconnected at petitioner's request. Throughout the period of service petitioner was billed at the monthly rate of $60, plus $6 tax. [1]
Due to Mr. Womack's unfortunate health circumstances he required an individual to perform nursing services. To this end he employed a woman by the name of Vera Johnson (Vera). Although she functioned principally in a nursing capacity while in the employ of Mr. Womack she also did some light housework and cooking for him. In consideration of her services, petitioner paid $400 in rent on Vera's residence over a ten-month period *141 in 1971. In addition, Vera's telephone expenses and water bills were paid by petitioner throughout the period in question. On the Federal income tax return for 1971 petitioner claimed as part of his medical expenses the cost of both the automobile telephone service and Vera's services. In addition, petitioner claimed a total of $667 as contributions to various charities, of which $600 has been substantiated. By statutory notice dated May 31, 1973, respondent disallowed a certain portion of petitioner's claimed medical expenses and $67 of his claimed charitable contributions. OPINION We consider first the issue of whether petitioner is entitled to deduct certain medical expenses. [2] Although it is far from clear, we believe petitioner is contesting the disallowance of two items: the costs of the mobile telephone and the expenditures made on behalf of Vera. Petitioner argues that during 1971 the mobile telephone enabled him to contact a doctor immediately in the case of a heart attack. [3] He has failed, however, to prove that the telephone was primarily in service *142 for such use. [4]Wade Volwiler,57 T.C. 367 (1971). In the absence of such a showing, the costs of the telephone cannot qualify as a deductible medical expense.[5]
Petitioner has also made certain payments on behalf of Vera which he now claims are deductible as medical expenses. To the extent the payments were compensation for nursing rather than domestic functions performed, they qualify as expenditures for medical care within the purview of section 213; Rev. Rul. 58-339, 1958-2 C.B. 106. Our examination of the facts and attendant circumstances herein indicate that although Vera did some housework and cooking she was employed *143 primarily for her nursing functions. Accordingly, we hold that of the total payments made on behalf of Vera, [6] petitioner may claim $400 as a medical expense for nursing care. Cohan v. Commissioner,39 F.2d 540 (2d Cir., 1930).
The remaining issue is whether petitioner may claim a charitable deduction in excess of the amount allowed by respondent. Petitioner has offered no evidence to substantiate his claimed contributions. Accordingly, we sustain respondent's determination in this regard. Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure.
Decision will be entered under Rule 155.
Footnotes
1. The mobile telephone number was listed in the public directory under the name of petitioner.↩
2. See section 213 of the I.R.C. of 1954↩ as in effect during the taxable year in issue.
3. Petitioner had one heart attack in November of 1970. We note in this regard that the telephone was originally installed two months prior to this heart attack. ↩
4. As the telephone number was listed in the public directory, we have no doubt that the phone was used to make personal calls. ↩
5. We make no determination as to whether petitioner would be entitled to a medical deduction for the costs of the telephone if it was used primarily to consult with a doctor. See Wade Volwiler,57 T.C. 367, 373↩ (1971).
6. Petitioner paid Vera's rent totaling $400, as well as her telephone and water bills. The record does not reveal the amount paid for telephone or water.↩